967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James David HIX, Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 90-16769.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1992.
Decided July 6, 1992.
 
 Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner James Hix was convicted in state court for the second degree murder of Rosalind Botelho. His conviction was affirmed on direct appeal. Hix then filed a habeas petition alleging (1) that the trial court improperly refused to instruct the jury on his defenses of unconsciousness, voluntary intoxication, and mental disorder, (2) that the trial court gave unconstitutional jury instructions, and (3) that prosecutorial misconduct violated his constitutional rights. The district court denied his petition. We affirm.
 
 I.
 A. The Defense of Unconsciousness
 
 3
 Hix alleges that the trial court's refusal to instruct the jury on his defense of unconsciousness violated his constitutional right to have his theory of defense presented to the jury. Hix argues that he presented sufficient evidence of unconsciousness to warrant the instruction being given to the jury. In support of this position, Hix argues that his testimony at trial established that he only remembered stabbing Mrs. Botelho four or five times, even though there was evidence of over 55 stab wounds. Hix argues that, because there was no evidence that the five wounds he remembers initially were the fatal wounds, the defense of unconsciousness was a complete defense to the crime of murder.
 
 
 4
 A criminal defendant is entitled to have a jury instruction on any legally recognized defense to the charges against him that has some foundation in the evidence. United States v. Escobar de Bright, 742 F.2d 1196, 1201 (9th Cir.1984). In Escobar de Bright, we noted that "the right to have the jury instructed as to the defendant's theory of the case is one of those rights 'so basic to a fair trial' that failure to instruct where there is evidence to support the instruction can never be considered harmless error." Id.
 
 
 5
 In California, unconsciousness is an affirmative defense to forming the required mental state for a crime. "An unconscious act ... is one committed by a person who because of somnambulism (sleep-walking), a blow on the head, or similar cause is not conscious of acting and whose act therefore cannot be deemed volitional." People v. Sedeno, 518 P.2d 913, 922 (Cal.1974). Whether caused by physical trauma or mental phenomenon, the defense must be supported by sufficient evidence in the record before an instruction is warranted. Hix has failed to demonstrate an entitlement to relief on this ground.
 
 
 6
 The record contained insufficient evidence that Hix was in an unconscious state during his attack on Botelho to warrant an unconsciousness instruction. Hix testified that he was aware of the danger that Botelho might be killed if he used his knife on her and he recalled the first four or five stab wounds he inflicted upon Botelho. Finally, he testified that he stopped stabbing the victim when he heard a knock at the door. The only contrary evidence was Hix's testimony that he was in a daze during the latter part of the killing and his question after the killing about whether Botelho was badly hurt. Based upon this evidence, it was not constitutional error for the trial court to refuse to give an instruction on the defense of unconsciousness.
 
 
 7
 B. The Defense of Voluntary Intoxication and Mental Disorder
 
 
 8
 (1) Voluntary Intoxication
 
 
 9
 Hix also alleges that there was sufficient evidence of voluntary intoxication to support this defense being given to the jury. Hix testified at trial that on the day of the killing, he took one tablet of pain medication--Talwin--around noon. On top of this, he consumed one beer during the day. Botelho was killed late in the afternoon. A witness testified that, after the killing, Hix appeared to be high on something and did not smell of alcohol. Hix's testimony, however, was not supportive. Hix did not testify that his actions were impaired by the medication or the one beer. Hix admitted his intent to kill Botelho, allegedly in order to protect his daughter.
 
 
 10
 (2) Mental Disorder
 
 
 11
 Likewise, Hix alleges that his defense of mental disorder should have been given to the jury. Hix contends that mental disorder refers to mental abnormality or anything wrong or out of order with the mind. Hix argues that, from all the evidence presented concerning the killing and his behavior after the killing, a jury could have concluded that there was something wrong with his mind.
 
 
 12
 In People v. Roy, 95 Cal.Rptr. 884, 887-88 (Cal.Ct.App.1971), cert. denied, 405 U.S. 976 (1972), overruled on other grounds, People v. Ray, 533 P.2d 1017, 1022-23 (Cal.1975), the California Court of Appeal held that there was insufficient evidence to support an instruction on mental defect despite evidence in the record of trauma to defendant's head and the fact that after the killings he appeared "excited," "dazed," "extremely tired" and had a bowel movement in his pants.
 
 
 13
 Similarly, we reject Hix's contention that there was sufficient evidence of mental disorder to warrant the instruction being given to the jury. See Roy, 95 Cal.Rptr. at 887-88. Hix testified that he knew what he was doing when he pulled the knife and stabbed Botelho when she was facing him.
 
 II.
 
 14
 Hix argues that the trial judge's instructions on voluntary manslaughter were unconstitutional because they required the jury to find that malice is absent only if the act is done upon a sudden quarrel or heat of passion and in the honest but unreasonable belief in the necessity to defend against eminent peril.
 
 
 15
 The prosecution bore the burden of proving that Hix did not kill in the heat of passion and did not kill in imperfect self-defense. See Mullaney v. Wilbur, 421 U.S. 684, 704 (1975). However, California courts have held that as long as other instructions clarify the difference between the two defense theories, there is no reversible error. People v. Gomez, 228 Cal.Rptr. 553, 556-57 (Cal.Ct.App.1986). The jury instructions given clarified the difference in these two defense theories and properly set forth the burden of proof. We agree with the district court that there is not a reasonable likelihood that the jury applied the court's instructions unconstitutionally. See Estelle v. McGuire, 112 S.Ct. 475, 482 (1991).
 
 III.
 
 16
 Finally, Hix argues that prosecutorial misstatements of the law, which were properly objected to and overruled by the court, so misled the jury that Hix's constitutional rights were violated. Hix alleges that the prosecutor's argument to the jury implied that the prosecution's burden of proving an unlawful killing with malice aforethought was satisfied by proof merely of an unlawful killing unless Hix proved circumstances of mitigation. Hix contends that this diluted the requirement that the prosecution carry its burden of proof on each element beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970).
 
 
 17
 The challenged prosecutorial statements must be viewed in the context of the entire proceeding to determine whether the remarks rendered the proceedings fundamentally unfair. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988). Misstatements made by advocates during argument do not have the same force as an instruction from the court. Boyde v. California, 494 U.S. 370, 384-85 (1990). Arguments by advocates are not definitive and binding statements of the law. Id. Standing alone, inappropriate prosecutorial comments generally do not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. United States v. Young, 470 U.S. 1, 11-12 (1985).
 
 
 18
 The jury instructions given after argument clarified the proper elements of murder and manslaughter and squarely placed the burden of proof on the prosecution to prove each and every element beyond a reasonable doubt. Viewed in the context of the entire proceeding, the prosecutor's comments did not violate Hix's constitutional rights.
 
 IV.
 
 19
 The district court's denial of Hix's habeas corpus petition is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3